# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| IN RE SUBPOENA TO<br>UNITED STATES PATENT AND<br>TRADEMARK OFFICE<br><br><br>IEP TECHNOLOGIES, LLC,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>KPM ANALYTICS, INCORPORATED<br>F/K/A STATERA ANALYTICS,<br>INCORPORATED AND KPM ANALYTICS<br>NORTH AMERICA CORPORATION F/K/A<br>PROCESS SENSORS CORPORATION,<br>　　　　　　　Defendants. | Miscellaneous Action File No.:<br>__:22-mc-_____<br><br><br><br><br>(Underlying Action: D. Mass.<br>Civil Action File No. 1:21-cv-10417-<br>RWZ, filed Mar. 10, 2021) |

**BRIEF IN SUPPORT OF MOTION TO COMPEL
<u>RESPONSE TO SUBPOENA *DUCES TECUM*</u>**

**TABLE OF CONTENTS**

1. INTRODUCTION ................................................................................................................1

2. FACTUAL BACKGROUND ................................................................................................1

3. LEGAL PRINCIPLES ........................................................................................................3

    3.1. Movants Have Complied with the USPTO's *Touhy* Regulations............................ 3

    3.2. The Court Should Compel the USPTO to Produce Documents Responsive to the Subpoena................................................................................................... 4

4. CONCLUSION ..................................................................................................................5

## TABLE OF AUTHORITIES

**Cases**

*COMSAT Corp. v. NSF*, 190 F.3d 269, 274 (4th Cir. 1999)............................................................ 2

*U.S. ex rel. Touhy v. Regan*, 340 U.S. 462 (1951)......................................................................... 2

**Statutes**

28 U.S.C. § 1746. Unsworn declarations under penalty of perjury. ............................................... 3

5 U.S.C. § 702. Right of review....................................................................................................... 3

5 U.S.C. § 706. Scope of review...................................................................................................... 3

**Regulations**

37 CFR § 104.22. Demand for testimony or production of documents........................................... 3

## LIST OF EXHIBITS

Exhibit A    Subpoena to USPTO

Exhibit B    Amended Answer and Counterclaims in Underlying Litigation

Exhibit C    Excerpt of Deposition Testimony of Mr. Shea

Exhibit D    Plaintiff's Responses to Requests for Admission

Exhibit E    FOIA Request to USPTO

Exhibit F    USPTO Response to FOIA Request

1. **INTRODUCTION**

    The Court should compel the United States Patent and Trademark Office ("USPTO") to produce documents of a very limited scope that are highly relevant to Defendants KPM Analytics, Inc. and KPM Analytics North America Corp.'s (collectively, "KPM") affirmative defenses and counterclaims in the underlying case. The documents at issue were requested by a subpoena, which was supported by the required documentation evidencing the relevance of the documents and their unavailability from sources other than the USPTO. The USPTO has acknowledged the existence of responsive documents and should be compelled to produce such documents in response to KPM's subpoena. A copy of the subpoena is attached as Exhibit A.

2. **FACTUAL BACKGROUND**

    The underlying action involves trademark claims brought by IEP Technologies against KPM. In response, KPM has asserted affirmative defenses and counterclaims seeking cancellation of IEP's U.S. Trademark Registration No. 4,648,573 ("the '573 Registration") on grounds that the registration was acquired and maintained by IEP through multiple instances of fraud on the USPTO. These instances of fraud involved two declarations purportedly signed by IEP's CEO, Randy Davis, and then-Vice President, John Shea. In addition, the specimen submitted with the declaration purportedly signed by Mr. Shea appears to be fraudulent. These allegations are set forth in the Amended Counterclaims at paragraphs 8–81, a copy of which is attached as Exhibit B.

    These allegations are based in part on the testimony of Mr. Shea (IEP's current co-President), who testified that he did not remember signing a declaration bearing his name and that he had multiple specific reasons to doubt that he signed it:

    Q. Do you remember signing that?

    A. I don't.

    Q. Do you have any reason to doubt that you signed that?

    A. I do.

See Exhibit C. *See, e.g.*, Doc. 28-4 at 123:24–124:3.

Mr. Shea also pointed out that the all-lowercase styling of his name (*i.e.,* "john shea") on the Declaration was a foreign and atypical format for him. *Id.* at 124:17-24. Mr. Shea further testified that the phone number listed as the signatory's phone number was not his phone number and that he did not recognize it. *Id.* at 124:5-124:10 ("A. It's not my phone number. ... Q. Do you recognize that phone number? A. Not off the top of my head I don't.").

Further supporting KPM's counterclaims are IEP's evasive responses to KPM's Requests for Admission. For example, in response to KPM's Request for Admission No. 20, seeking an admission that John Shea personally entered "/John Shea/" into the signature block for the electronic submission of the Combined Declaration of Use and Incontestability for the '573 Registration, IEP "admitted" only that it "has no reason to doubt that John Shea did so." *See* Ex. D.

In order to determine the location of the computer from which the declaration was signed, KPM's counsel previously sought information within the scope of the instant document requests through Freedom of Information Act (FOIA) Request No. F-22-00091. *See* Ex. E. The USPTO indicated that, although it had found responsive materials, it was withholding the documents pursuant to Exemption b(6) of the FOIA as an alleged "unwarranted invasion of personal privacy." *See* Ex. F.

On May 5, 2022, counsel for KPM submitted a subpoena to the USPTO seeking the same documents as presently requested, a process that would allow the USPTO to produce any "personal private" information under the protective order in the underlying suit. Ex. G. On May 26, the USPTO issued a written response indicating that it required more information pursuant to 37 C.F.R. §§ 104.21–104.24. *See* Ex. H. Thus, on June 10, 2022, counsel for KPM served on the USPTO a renewed subpoena with supporting documents to comply with the USPTO's requirements, including a declaration pursuant to *U.S. ex rel. Touhy v. Regan*, 340 U.S. 462 (1951), setting forth the relevance of the documents requested. See Exhibit A (service affidavit) ) To date, however, the USPTO has not served any objections, produced any document, or otherwise responded to KPM's renewed subpoena despite multiple inquiries to the USPTO regarding same.

2

3. **LEGAL PRINCIPLES**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense unless otherwise ordered by the court. Fed. R. Civ. P. 26(b)(1). When the government is not a party, the APA provides the sole avenue for review of an agency's refusal to permit its employees to comply with subpoenas. *COMSAT Corp. v. NSF*, 190 F.3d 269, 274 (4th Cir. 1999). The APA waives the government's sovereign immunity from suit and permits federal court review of final agency actions, when the relief sought is other than money damages and the plaintiff has stated a claim "that an agency or an officer or employee thereof acted or failed to act in an official capacity… ." 5 U.S.C. § 702. A reviewing court may set aside a final agency action when the action is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706.

   3.1.    **Movants Have Complied with the USPTO's *Touhy* Regulations.**

Pursuant to 37 CFR § 104.22(c)(2), Movants served a subpoena pursuant to Fed.R.Civ.P. 45 on the General Counsel of the USPTO, a copy of which is attached hereto at Exhibit A. Pursuant to 37 CFR § 104.22(c)(3), Movants' demand was accompanied by the affidavit of Robert Gravois, counsel for Movants, under 28 U.S.C. § 1746. *See id.* The Gravois affidavit set forth the title of the legal proceeding, the forum, the requesting party's interest in the legal proceeding, the reason for the demand, and a showing that the desired testimony or document is not reasonably available from any other source.

Pursuant to 37 CFR § 104.22(d), Mr. Gravois has cooperated in good faith to enable the General Counsel to make an informed determination under this subpart. As set forth in the accompanying affidavit, on June 23, 2022, Mr. Gravois conferred via telephone with counsel in the UPSTO's Office of the General Counsel. On June 24, 2022, Mr. Gravois sent a follow-up email containing the Movants' amended answer in the underlying litigation setting forth the basis for the relevance of the requested information. On July 8, 2022, and July 13, 2022, Mr. Gravois contacted counsel for the USPTO via telephone and left voicemail messages each time, but no response has been received. Accordingly, Movants have filed the instant motion to compel production of the

documents.

### 3.2.  The Court Should Compel the USPTO to Produce Documents Responsive to the Subpoena.

Requests for Production Nos. 1–4 of Movants' subpoena to the USPTO read as follows:

**REQUEST NO. 1:** All documents and things concerning the signature of the named signatory, John Shea, in relation to the declaration submitted with and/or in support of the Combined Section 8 and 15 Declaration, including but not limited to all documents or things identifying the Internet Protocol (IP) address, computer, or network from which the declaration was signed and/or the signature was submitted or entered.

**REQUEST NO. 2:** All documents and things identifying the IP address, computer, or network from which the Combined Section 8 and 15 Declaration was submitted to and/or filed with the U.S. Patent and Trademark Office.

**REQUEST NO. 3:** All documents and things concerning the signature of the named signatory, Randy Davis, of the declaration submitted on or around April 11, 2014 in support of the Trademark/Service Mark Application, Principal Register (PTO Form 1478) for the '899 Application, including but not limited to all documents or things identifying the Internet Protocol (IP) address, computer, or network from which the declaration was signed and/or the signature was submitted or entered.

**REQUEST NO. 4:** All documents and things identifying the IP address, computer, or network from which the Trademark/Service Mark Application, Principal Register (PTO Form 1478) for the '899 Application was submitted to the U.S. Patent and Trademark Office on or around April 11, 2014.

Ex. A at 9-10.

Each of these requests is narrowly tailored to seek documents specifically directed to KPM's counterclaims regarding IEP's fraud in obtaining and maintaining the '573 Registration. The two individuals identified in the requests, Randy Davis and John Shea, are named in KPM's amended counterclaims as being the purported signatories of the two declarations submitted to the USPTO as part of IEP's acts of fraud on the USPTO. *See* Doc. 38 at Counterclaims ¶¶ 12-27 (alleging that IEP knowingly submitted a false declaration purportedly signed by Mr. Davis), ¶¶ 28-68 (alleging that IEP knowingly submitted a false declaration purportedly signed by Mr. Shea).

At a high level, the requests generally seek information pertaining to the internet address

for the computer(s) associated with the electronic signatures for particular declarations submitted to the USPTO in conjunction with IEP's '573 Registration and to the internet address for the computer(s) that submitted declarations to the USPTO.

Such documents are highly probative because, as explained in KPM's amended counterclaims and the supporting documentation proffered with KPM's subpoena to the USPTO, Mr. Shea testified during his deposition that (1) he did not remember signing the USPTO declaration filed in November 2020 bearing his name, and (2) he had specific reason to doubt that he actually signed the declaration. *See* Doc. 38 at Counterclaims ¶¶ 31-37. In light of Mr. Shea's testimony and other evidence showing that IEP knowingly submitted false declarations to the USPTO for the purpose of obtaining and maintaining the '573 Registration, and further in light of IEP's equivocating responses to discovery regarding the same, it is critical that KPM obtain documents that may identify the source of the signatures of the declarations underlying the '573 Registration.

Further, as KPM informed the USPTO in KPM's June 10, 2022 letter, the confidentiality of documents and information produced in response to KPM's subpoena will be maintained pursuant to this Court's Protective Order in place in this matter. *See* Doc. 18. The USPTO has previously indicated that it was able to identify and locate documents responsive to the scope of KPM's request; therefore, the production of these documents and things will not be unduly burdensome to the USPTO.

Accordingly, because this discovery is both highly relevant and targeted to return results directly on point to subject matter of KPM's claims and affirmative defenses, as set out in the Amended Answer and Counterclaims, this Court should compel the USPTO to produce the documents sought in KPM's subpoena.

### 4.  CONCLUSION

For the foregoing reasons, the Court should order the USPTO to produce all documents and things responsive to KPM's subpoena.

Respectfully submitted this 15th day of July, 2022.

        */s/ Byron L. Pickard*
Byron L. Pickard
VSB # 47286
bpickard@sternekessler.com
**STERNE, KESSLER, GOLDSTEIN & FOX PLLC**

1100 New York Ave, NW Suite 600
Washington DC 20005
Telephone: 202.371.2600
Facsimile: 202.371.2540

Robert Gravois (to be admitted *pro hac vice*)
r.gravois@thip.law
**THOMAS HORSTEMEYER LLP**

3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339
Telephone: 770.933.9500
Facsimile: 770.951.0933

*Attorneys for Movants*